UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3951-GW(MANx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | *Tyrone Potts, et al. v. Countrywide Financial Corporation, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER RE MOTION TO DISMISS [14] AND SUPPLEMENTAL JURISDICTION**

On August 7, 2014, the Court heard oral argument on a motion to dismiss the First Amended Complaint ("FAC") on file in this action and on the issue of whether or not the Court would maintain supplemental jurisdiction over the state law claims. For the reasons addressed in the tentative ruling issued that day, *see* Docket No. 21, the Court dismisses Countrywide Financial Corporation and Countrywide Home Loans, Inc., with prejudice.

In addition, although plaintiffs' counsel addressed the basis for the existence of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) at oral argument, the question the Court was most concerned with was whether or not the state law claims *predominated* over the single federal claim. *See* Docket No. 20; *see also* 28 U.S.C. § 1367(c)(2); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1002 (9th Cir. 1997). Plaintiffs' counsel did not address that issue. The Court concludes that the state law claims *would* predominate and therefore remands those claims, as to the sole remaining defendant, to the Los Angeles County Superior Court (from whence the case was originally removed). *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988).

With respect to the statute of limitations argument concerning plaintiffs' tenth claim for relief against the remaining defendant Bank of America, N.A. (over which the Court has federal question jurisdiction), the Court concludes that it is not possible to resolve that defense on the face of the FAC, as a matter of law. *See Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) ("A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss.") (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (indicating that district

|  | : |  |
|---|---|---|
| Initials of Preparer | JG | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3951-GW(MANx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | *Tyrone Potts, et al. v. Countrywide Financial Corporation, et al.* | | |

court may dismiss claim based on statute of limitations "only if the assertions of the complaint, read with required liberality, would not permit the plaintiff to prove that the statute was tolled") (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

      Plaintiffs have proffered at least one potentially viable theory – delayed discovery – for why the statute of limitations may not have expired pre-suit with respect to claims for discrimination on the basis of race and national origin under at least the Equal Credit Opportunity Act. *See Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009) ("[I]n general, the discovery rule applies to statutes of limitations in federal litigation, that is, [f]ederal law determines when the limitations period begins to run, and the general federal rule is that a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action.") (omitting internal quotation marks) (quoting *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1266 (9th Cir. 1998)); *see also Garcia v. Brockway*, 526 F.3d 456, 460-61, 465-66 (9th Cir. 2008) (en banc) (concluding, in design/construction discriminatory housing case under Fair Housing Act, that discovery rule was unavailable given the language of the statute of limitations); *Goodwin v. Exec. Trustee Servs., LLC*, 680 F.Supp.2d 1244, 1250-51 (D. Nev. 2010) (applying same statute of limitations at issue in *Garcia* to FHA claims brought under 42 U.S.C. § 3604(b) and finding action barred because not brought within two years of plaintiff obtaining loan), *aff'd sub nom. Goodwin v. Countrywide Home Loans, Inc.*, __ Fed. Appx. __, 2014 WL 2611072 (9th Cir. June 12, 2014). Case law within this Circuit has not conclusively ruled out the possibility – or at least defendants have not sufficiently demonstrated that case law has conclusively ruled out the possibility – that tolling is available with respect to that statute. *But see Archer v. Nissan Motor Acceptance Corp.*, 550 F.3d 506, 508 (5th Cir. 2008) ("We hold that a discovery rule does not apply to ECOA claims."). As such, the Court denies the motion solely with respect to the tenth claim (without prejudice to the issue being litigated further in future proceedings).

                                  :

Initials of Preparer    JG